# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00055-FDW

| | |
|---|---|
| JONATHAN NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| MARILYN GAMEWELL, et al. ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 3, 8].

**I.     BACKGROUND**

Pro se Plaintiff Jonathan Nichols ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this action on May 8, 2019, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) Marilyn Gamewell, identified as a physician at Alexander Correctional Institution ("Alexander"); (2) FNU Harris, identified as a nurse at Alexander; (3) FNU Fox, identified as a nurse at Alexander; and (4) Wakenda Greene, identified as a grievance examiner for the North Carolina Department of Public Safety (NCDPS). [Doc. 1 at 2].

Plaintiff brings claims against Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. [Doc. 1]. Specifically, Plaintiff contends that, since his arrival at Alexander in May of 2017, Defendants Gamewell and Harris have interfered

with Plaintiff's prescribed treatment for his "life threatening" condition, sickle cell anemia. Namely, Plaintiff's physician, Dr. Osunkwo, has prescribed Plaintiff certain medications and particular medical treatments for Plaintiff's sickle cell disease. Defendants Gamewell and Harris allegedly refuse to follow Dr. Osunkwo's treatment plan. Dr. Osunkwo is a specialist in his field and has treated Plaintiff for years. Plaintiff alleges that he is supposed to receive red blood cell exchange transfusions every month and, while at Alexander, he received them only twice in two years. [Doc. 1 at 3-4]. Additionally, Plaintiff alleges that three different prescribed medications are being withheld from him and he is instead being given medications that are "clearly forbidden." [Doc. 1 at 5]. As for Defendant Fox, Plaintiff alleges that Fox and Defendants Gamewell and Harris "stopped [Plaintiff's] treatment at the Levine Institute and sent [Plaintiff] to UNC. They didn't feel comfortable interfering with my sickle cell doctor from Levine." [Doc. 1 at 7].

For his injuries, Plaintiff alleges that he has been living in constant physical agony for two years with fear of sudden death. [Doc. 1 at 10].

For relief, Plaintiff seeks monetary damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as

fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson

3

v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).  "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention."  Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).  The constitutional right is to medical care.  No right exists to the type or scope of care desired by the individual prisoner.  Id. at 763.  Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged."  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that, taking Plaintiff's allegations as true, and drawing all reasonable inferences in his favor, Plaintiff's claims against Defendants Gamewell, Harris, and Fox for deliberate indifference to serious medical needs are not clearly frivolous.  Thus, this action survives initial review as to these Defendants.

As for Defendant Greene, identified as a grievance examiner of the NCDPS, Plaintiff alleges no personal participation by Defendant Greene.  In fact, Plaintiff does not mention Defendant Greene in his Complaint at all, other than listing her as a Defendant.  Plaintiff also makes no allegations regarding any grievance procedure.  As such, Plaintiff has failed to state a claim against Defendant Greene and Defendant Greene will, therefore, be dismissed.

Further, because Plaintiff has been transferred from Alexander to Central Prison, Plaintiff's claims for injunctive relief are moot and will be dismissed.  Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

## IV. CONCLUSION

In sum, the Court finds that this action survives initial review as to Defendants Gamewell, Harris, and Fox, but not as to Defendant Greene.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants Gamewell, Harris, and Fox, but Defendant Greene is dismissed. See 28 U.S.C. §§ 1915(e); 1915A.

2. The Clerk is instructed to correct the spelling of Plaintiff's name in the docket in this matter.

3. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants Marilyn Gamewell, FNU Harris, and FNU Fox, who are alleged to be current or former employees of NCDPS.

Signed: January 8, 2020

_____
Frank D. Whitney
Chief United States District Judge