IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00055-MR

| | |
|---|---|
| JONATHAN NICHOLS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARILYN GAMEWELL, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on Defendant Marilyn Gamewell's Motion to Dismiss [Doc. 20].

**I.    BACKGROUND**

Plaintiff Jonathan Nichols, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 for the violation of his civil rights while incarcerated at the Alexander Correctional Institution ("Alexander"). [Doc. 1]. The Complaint asserts claims of deliberate indifference to a serious medical need against Alexander employees Nurse Practitioner Marilyn Gamewell ("Gamewell" or "Defendant Gamewell"), Nurse Renee Harris ("Nurse Harris"), and Nurse Christine Fox ("Nurse Fox"). [Id.]. Defendant Gamewell now moves to dismiss the claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 20].

## II.     STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering the Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  When considering a motion to dismiss, the Court is obligated to construe a *pro se* complaint liberally, "however inartfully pleaded[.]" Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017), cert. denied, 138 S. Ct. 755 (2018) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)), cert. denied, 138 S. Ct. 755 (2018).

Although the Court must accept any well-pleaded facts as true and construe such facts liberally, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement...." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a

cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256.

Namely, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### III. FACTUAL BACKGROUND

Construing the well-pled factual allegations of the Complaint as true and drawing all reasonable inferences in the Plaintiff's favor, the following is a summary of the relevant facts.

Since arriving at Alexander in May of 2017, "Doctor Gamewell"[1] and Nurse Harris "have 'continually and aggressively' interfered" with medications and scheduled medical treatments previously prescribed by Plaintiff's physician, Dr. Osunkwo. [Doc. 1 at 3]. Dr. Osunkwo, a specialist in sickle cell disease and the Medical Director of the sickle cell disease program at the Levine Cancer Institute, has been treating Plaintiff for sickle cell anemia, a life-threatening disease, for several years and "knows better than anyone" what treatments Plaintiff best responds to. [Id. at 3-4, 6]. Gamewell is putting Plaintiff's life in "grave danger" by refusing to follow the treatment plan established by Dr. Osunkwo. [Id. at 4]. Plaintiff has received red blood cell transfusions only twice in the two years before filing his Complaint, although he should be receiving them every month. [Id.]. Furthermore, Gamewell and Nurse Harris are refusing to provide Plaintiff with prescribed medications that are "vital to [his] livelihood," including Suboxone, Mirtazapine, and Ferrous Sulfate. [Id. at 5]. The absence of these medications poses "significant and imminent risk of severe cardiovascular/psychiatric and hematological crisis and/or death." [Id. at 5 (emphases omitted)]. Plaintiff has "been living in constant physical agony

---

[1] Although Plaintiff refers to her as a doctor, according to Defendant Gamewell's brief in support of her motion to dismiss, she is a Nurse Practitioner licensed to practice in North Carolina and currently working at Alexander. [Doc. 21 at 1-2].

4

for two years with the added fear of 'sudden death' due to Defendants['] refusal to treat [him]." [Id. at 10]. Finally, Plaintiff's health has gotten progressively worse since arriving at Alexander. [Id. at 4].

## IV. DISCUSSION

### A. Plaintiff's Claim of Deliberate Indifference

Defendant Gamewell first moves to dismiss the claims against her on the ground that the Plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment.

Under 42 U.S.C. § 1983, a prisoner may bring a cause of action for a violation of the "cruel and unusual punishments" clause of the Eighth Amendment to the United States Constitution for deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To prove such a claim, the plaintiff must show: (1) that he had a serious medical need, which is an objective inquiry, and (2) that the defendant acted with deliberate indifference to that need, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation and internal quotation marks omitted).

5

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard — a showing of mere negligence will not meet it.").

In the Complaint, the Plaintiff alleges that he suffers from sickle cell anemia, an undoubtedly serious medical condition, and that Defendant Gamewell refuses to provide Plaintiff's with medications and treatment that are necessary to treat this condition and to prevent cardiovascular, psychiatric, and hematological crises or even death. The allegation that Plaintiff received only two transfusions over two years when he should have been receiving a transfusion every month, if true, is reflective of deliberate indifference to Plaintiff's serious medical needs. Based on all these

6

allegations, Defendant Gamewell's motion to dismiss for failure to state a deliberate indifference claim will be denied.

## B. Qualified Immunity

Defendant Gamewell also argues that, to the extent that Plaintiff asserts any claims against her in her individual capacity, such claims are barred by the doctrine of qualified immunity because Plaintiff cannot establish any constitutional violation. For the reasons set forth above, the Court cannot conclude at this stage that no constitutional violation occurred. Accordingly, Gamewell's motion to dismiss based on qualified immunity is also denied.

## C. Exhaustion of Administrative Remedies

Next, Gamewell argues that dismissal of the claims against her is appropriate because the Plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust any "available" administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all inmate suits about "prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). The exhaustion requirement is mandatory in cases under § 1997e(a). Id. at 524. Although the PLRA does not define

7

the term "available," the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Although exhaustion of administrative remedies is a mandatory prerequisite to filing suit, an inmate is not required to allege exhaustion of remedies in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007); see also Moore, 517 F.3d at 725 ("[I]nmates need not plead exhaustion, nor do they bear the burden of proving it."). Rather, the failure to exhaust administrative remedies is an affirmative defense that a defendant must raise. Jones, 549 U.S. at 216. Only where the failure to exhaust is "apparent from the face of [the] complaint" may the Court dismiss an action for failure to exhaust administrative remedies. Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

Here, before the Court conducted initial review of Plaintiff's Complaint, Plaintiff filed a Verified Statement, under penalty of perjury, in which he attests that he exhausted his administrative remedies and "attached copies of grievances demonstrating completion." [Doc. 6 at 1]. In the attached documents, Plaintiff included the "Step Two" institutional responses for two different grievances that appear to be related to the matters at issue in the

instant Complaint.[2]  Grievance Number 4870-2018-KPODC00120, dated January 16, 2018, provides the following grievance response:

> This grievance has been investigated. Clinical review of the record indicates inmate Nichols has received ongoing health services. DPS health service providers render care in accordance with established protocols, clinical practice guidelines, utilization management policies & professional medical judgment. No further action is required.

[Id. at 7]. Next, Grievance Number 4870-2018-KPO[illegible]5, dated October 10, 2018, provides the following grievance response:

> After review of the electronic health record it was noted that this patient is being treated for his medical condition. In addition, his medical care was transferred to another Hematologist for Health and Safety reasons which was already explained to him. The providers treat conditions as they deem appropriate. This patient is receiving medications and treatment the providers have ordered. If there are further concerns, the patient should follow up utilizing the sick call process.

[Id. at 6].

---

[2] It is unclear why Plaintiff did not include the Step One and Step Three responses for each of these grievances with his Verified Statement. The Step Two responses do, however, indicate that Plaintiff appealed those decisions to Step Three. [See Doc. 6 at 6 -7]. Typically, in support of a motion to dismiss for failure to exhaust, a defendant will submit a copy of all grievances submitted by a plaintiff during the relevant timeframe to demonstrate that such plaintiff did not properly exhaust administrative remedies relative to the claim or complaint at issue. Here, Defendant Gamewell did not submit any such documents in support of her motion. As such, given Plaintiff's attestation that he did exhaust his administrative remedies and that the documents he submitted tend to support this, the Court will, at this stage of these proceedings, overlook the absence of the Step One and Step Three responses in the Plaintiff's materials.

Defendant Gamewell claims that "Plaintiff has provided no allegations whatsoever demonstrating that he has pursued, let alone exhausted, his administrative remedies." [Doc. 21 at 11]. Gamewell continues, "the grievances attached to Plaintiff's Verified Statement that Administrative Remedies Have Been Exhausted do not even reference Mrs. Gamewell." [Id.]. Gamewell's arguments on these issues are without merit. As noted, an inmate is not required to allege exhaustion of remedies in his complaint. Jones, 549 U.S. at 216; see also Moore, 517 F.3d at 725. Plaintiff, here, filed his statement verifying that he exhausted his administrative remedies, which reflects that such exhaustion occurred before Plaintiff's filed his Complaint. Furthermore, prison grievances do not have to name particular defendants in order to satisfy the PLRA's exhaustion requirements against those defendants. See Moore, 517 F.3d at 726 (citing Jones, 127 S. Ct. at 922-23).

As such, the Court cannot say that the Plaintiff failed to exhaust the administrative remedies available to him. Accordingly, Defendant Gamewell's motion to dismiss based on the Plaintiff's failure to exhaust administrative remedies is denied.

### D. Claims of Medical Malpractice

Finally, Defendant Gamewell argues that, to the extent that the Plaintiff's Complaint purports to make any claims for medical negligence under North Carolina law, such claims must be dismissed due to the Plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.

The Complaint does not appear to contain a claim of medical negligence or malpractice and the Court did not exercise supplemental jurisdiction over any such claim in its Order on initial review. [See Doc. 9]. Further, in responding to the motion to dismiss, the Plaintiff made no argument responsive to Gamewell's position on such a claim. [See Doc. 32].

As the Plaintiff has not attempted to state any medical malpractice claims under North Carolina law, Defendant Gamewell's motion to dismiss any medical malpractice claims asserted in the Complaint is denied as moot.

### V. CONCLUSION

For the foregoing reasons, Defendant Gamewell's Motion to Dismiss is denied.

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant Marilyn Gamewell's Motion to Dismiss [Doc. 20] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 12, 2020

Martin Reidinger
Chief United States District Judge